### TEX. MEX. R'Y CO. v. G. A. WILLIS.

(No. 1846.)

APPEAL from Webb County. Opinion by WHITE, P. J.

THOS. W. DODD and HORACE CHILTON, counsel for appellant.

H. C. DICKINSON, counsel for appellee.

§ 71. *Profits as damages, not allowable unless, etc.; case stated.* Appellee sued appellant to recover $550 damages occasioned by the failure of the latter to deliver to him in due time two trunks shipped by him over appellant's line as baggage. In substance, the petition alleged that on the 21st day of December, 1882, he was employed as a traveling salesman selling boots and shoes

by wholesale or jobbing lots to merchants in west and north Texas. That as such traveling salesman he carried with him a great variety of shoes and boots as samples in two large trunks. That on said 31st day of December, 1882, he was in San Diego, Duval county, and desiring to go to San Antonio he purchased a ticket over appellant's road from San Diego to Laredo, and that at same time he notified appellant's agent at San Diego of the contents of his trunks, and that he wanted to ship same as baggage over appellant's road from San Diego to Laredo. That said agent then and there agreed to ship same as baggage, and then and there weighed said trunks and charged appellee $2.20 for excess baggage, which he paid then and there to appellant's said agent at San Diego, and that appellant's said agent then delivered to him two brass baggage checks for said baggage. That upon his arrival in Laredo, desiring to transfer his trunks immediately to the International & Great Northern Railroad for transportation to San Antonio, he delivered said two brass checks to one John Pryor, who was then agent of the transfer line, engaged in transferring passengers from appellant's depot to I. & G. N. depots. That said Pryor as agent of appellee presented said checks to appellant's agents, and that they refused to deliver said trunks to said Pryor, but held same for the space of ten days, to his damage $550. That at that season of the year his profits on sales averaged $50 per day, which he could not make while appellant held his trunks, and that his hotel and other expenses in San Antonio while appellant held his trunks were $5 per day, making total damage $550, for which he prayed judgment, etc.

Appellant answered by general demurrer and special exceptions to the petition, by general denial and by special plea, in substance, as follows: "That plaintiff was estopped from a recovery, for defendant shows that at the time it, by its agent, agreed and undertook to ship plaintiff's trunks from San Diego to Laredo, it did undertake to do so in the usual manner, and according to the

rules and regulations of defendant's company; that when plaintiff requested that his trunks of samples should be shipped as baggage, the same were weighed and charges stated to plaintiff, when plaintiff paid the amount. An excess baggage ticket was delivered to plaintiff with conditions of contract plainly printed on said excess baggage ticket, and which conditions were as follows, to wit: 'The Texas Mexican Railway excess baggage ticket. Good for amount of excess baggage indicated by punch in right margin on date punched above from San Diego to Laredo. Agents must punch this ticket before separation and give this colored half to the passenger. Write in destination with ink. Passengers, to avoid trouble at destination, will please observe that the amount paid is correctly punched out in lower margin, and retain this ticket, as it must be surrendered with check in order to get baggage. Agents taking up this ticket will send it immediately to the auditors at Laredo.' And which conditions were well known to plaintiff, notwithstanding he, the said plaintiff, refused to surrender or deliver said excess baggage ticket to defendar. 's agent. That such rules and regulations were reasonable, and that plaintiff was not entitled to receive baggage until he surrendered said excess baggage ticket, showing all charges paid, as well as to properly identify owner of baggage. That said regulation was, on days alleged in plaintiff's petition, in force, and was adopted and maintained as a check upon the agent receiving extra pay; that plaintiff well knew the conditions upon which defendants undertook to ship his baggage, and if he was in ignorance before, he was so informed on December 31, 1882, by and through one John Pryor, who demanded said baggage on said day." Defendant's demurrer and special exceptions were overruled, and plaintiff recovered a judgment for $100 and costs. *Held:* Appellant's special exception to the petition was, that the profits claimed therein as damages were too remote and speculative to be the subject of recovery. This exception should have been sustained. It is no-

where alleged in the petition that such explanation of the nature and character of plaintiff's business, and the damages likely to ensue from a failure of defendant to promptly forward the trunks, and the importance to him of their prompt and speedy delivery at the place of destination, were made known to defendant at the time of shipment, and entered into the contract of shipment as a part thereof. "Loss of profits in a business cannot be allowed as damage unless the *data* of estimation are so certain and definite that they can be ascertained reasonably by calculation, and then the party in fault must have had notice, either from the nature of the contract or by explanation of the circumstances at the time the contract was made, that such damage would ensue from non-performance." It is not alleged that appellant, at the time of receiving the trunks for transportation, or at any time, had notice of the particular necessity or advantage to appellee of their prompt delivery at the point of destination, or that appellee would suffer any special damage by delay. [2 W. Con. Rep. § 405.]

§ 72. *Baggage tickets for excess baggage; stipulation in for surrender of, on demand for baggage, held valid.* It was shown by the evidence that when the trunks were shipped at San Diego for Laredo, plaintiff, upon paying the excess due on them, received at the same time that he received his ordinary brass checks therefor, an "excess baggage or coupon ticket," which expressly stipulated upon its face that the passenger should "retain this ticket, as it must be surrendered with check in order to get baggage." Upon reaching Laredo, the destination, plaintiff, through the transfer agent, presented his brass checks, but declined or refused to present the excess baggage coupon ticket, though notified to do so. His brass checks were thereupon handed back to him, and he put them in his pocket and left. Ten days thereafter his trunks were delivered to him. We do not think the requirement that the excess baggage coupon ticket should be surrendered is an infringement of the statute which

provides that common carriers shall not limit their common law liability. [R. S. 278.] Our statute requires that railroad companies shall check baggage, which is not a requirement of the common law. [R. S. art. 4229.] Such a regulation is not improper or unreasonable. Two special instructions, requested by defendant, were given by the court in charge to the jury, as follows: 1. "The jury are instructed that, if you believe from the evidence before you that the plaintiff and defendant, in entering into the contract for the shipment of an excess of baggage from San Diego to Laredo, as alleged in plaintiff's petition, and that for said excess of baggage an excess baggage coupon ticket was delivered by defendant's agent to plaintiff, and that said excess baggage coupon ticket had upon it, as one of the conditions of said contract, that plaintiff should surrender said excess baggage coupon ticket before he should be entitled to receive said baggage, then you are instructed that plaintiff cannot recover in this suit, unless you further believe from the evidence that plaintiff did, when he called for said baggage at the terminus of shipment, offer to deliver up said excess baggage coupon ticket." 2. "If you believe from the evidence that plaintiff, after being informed that defendant would not deliver to him his baggage until he, plaintiff, surrendered the excess baggage coupon ticket, refused to deliver up the same, then you are instructed that whatever damages were suffered by plaintiff, by reason of defendant's retaining his baggage, were suffered by reason of his own neglect, and he cannot recover." The verdict of the jury is directly contrary to the facts and the law applicable thereto, as contained in said instructions, and the court erred in refusing a new trial upon this ground.

January 13, 1886.          Reversed and remanded.